```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                          |   |                          |
|--------------------------|---|--------------------------|
| ZENO A. WILLIAMS,        | ) |                          |
|                          | ) |                          |
|     Petitioner, | ) |                          |
|                          | ) |                          |
|     v.          | ) | CIVIL ACTION NO.         |
|                          | ) | 17-10797-WGY             |
| JEFFREY SESSIONS,        | ) |                          |
|                          | ) |                          |
|     Respondent. | ) |                          |

<u>ORDER</u>

YOUNG, D.J.                                    October 18, 2017

For the reasons set forth below, the Court denies the petition for a writ of habeas corpus.

Zeno A. Williams, who is incarcerated at MCI Framingham, filed a document captioned as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. According to the petition (Docket Entry No. 1), she was "ordered removed by DHS and [her] social security number was revoked but the prison authorities say [she is] not being deported." Pet. para. 6. She asserts that, without her social security number, she cannot participate in any educational or rehabilitative programs. The administration at MCI Framingham has informed her that they cannot assist in the matter. She asks that her Social Security number be reinstated or that she be deported.

Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon

the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriquez, 411 U.S. 475, 484 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." Muhammad v. Close, 540 U.S. 749, 750 (2004).

Here, Williams has not alleged facts from which the Court may reasonably infer that her custody is in violation of federal law. Williams's preference to be removed rather than stay incarcerated in the United States does not render her continued imprisonment unlawful.

Moreover this Court is without jurisdiction to compel the Attorney General to remove her from the United States. Under 8 U.S.C. § 1252(g), this Court lacks jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). This statute ensures that the Executive branch has the discretion to "abandon the endeavor" of executing a removal order without the threat of judicial interference. Reno v. American Arab Anti-Discrimination Comm., 525 U.S. 471, 483 (1999); see also Alvidres-Reyes v. Reno, 180 F.3d 199, 201 (5th Cir. 1999) ("The Congressional aim of § 1252(g) is to protect from judicial intervention the Attorney

General's long-established discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders." (emphasis added)).

Finally, to the extent that Williams is challenging conditions of her confinement, she cannot raise such claims in a habeas action.[1]

Accordingly, the petition for a writ of habeas corpus is DENIED and this case is DISMISSED.

SO ORDERED.

                                          /s/ William G. Young
                                          WILLIAM G. YOUNG
                                          UNITED STATES DISTRICT JUDGE

---

[1] A litigant filing a non-habeas civil action must pay a $350 filing fee and a $50 administrative fee. The administrative fee is waived for those parties who are allowed to proceed in forma pauperis. Prisoners who are allowed to proceed in forma pauperis may prosecute their action without prepayment of the $350 filing fee, but they still must pay the $350 filing fee over time. See 28 U.S.C. § 1915(b).